Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA GOODMAN,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| **CREDIT PROTECTION** | ) **COLLECTION PRACTICES ACT,** |
| **ASSOCIATION, L.P.,** | ) **AND FAIR CREDIT REPORTING** |
| | ) **ACT** |
| Defendant. | ) |
| _____ ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices, and Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Virginia Goodman ("Plaintiff"), is a natural person residing in Orange county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Credit Protection Association, L.P. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

## IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant attempted to collect an alleged debt from Plaintiff.

6. Defendant placed an alleged debt on Plaintiff's credit report without notifying Plaintiff of their intentions to report negative information on Plaintiff's credit report.

7. As soon as Plaintiff became aware that Defendant had placed an alleged debt on her credit report, she disputed the account with Transunion.  On November 25, 2010, Transunion stated in a letter to Plaintiff that Defendant's item had been deleted from her account.

8. Plaintiff alleges that Defendant knowingly reported a false debt on her credit report in attempt to collect an alleged debt.

9. Plaintiff's counsel sent a letter to Defendant dated February 10, 2011, regarding the alleged debt.  When Defendant failed to respond to that letter, a follow up letter dated February 25, 2011, was sent.  Defendant failed to respond to either letter.

10. Defendant's conduct violated the FDCPA, RFDCPA, and FCRA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A)); and

    b) Communicating credit information which is known or which should be known to be false (§1692e(8)).

11. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.

12. As a result of the above violations of the FDCPA, RFDCPA, and FCRA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees,
E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FCRA;
B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 15th day of April, 2011

By: <u>s/Todd M. Friedman</u>
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff